UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

-------------------------------------------------------------------------X

HEATHER PELUSO,                                    Case No. 11-CV-04407


                                    Plaintiff,


                    - against -

                                                AMENDED CLASS ACTION
                                                COMPLAINT OF PLAINTIFF
ORBITZ.COM, ORBITZ LLC (d/b/a ORBITZ.COM),      ___HEATHER PELUSO___
ORBITZ WORLDWIDE, INC.,  ORBITZ WORLDWIDE,
DEVELOPMENT, LLC, ORBITZ WORLDWIDE
INTERNATIONAL, LLC, ORBITZ WORLDWIDE, LLC,
TRAVELPORT L.P., THE BLACKSTONE GROUP L.P.,
and CENDANT CORPORATION,


                                    Defendants.

-------------------------------------------------------------------------X
MATTHEW R. CHISTE, DONALD SCHROUD, and MARC
GUTMAN,


                                    Plaintiffs,


                    - against -


 PRICELINE.COM, INC., LOWESTFARE.COM, INC., and
 TRAVELWEB, LLC,


                                    Defendants.

-------------------------------------------------------------------------X

          Plaintiff Heather Peluso, by her undersigned counsel, on behalf of herself and all

others similarly situated, submits this Amended Complaint against Defendants, Orbitz.Com,

Orbitz LLC (d/b/a Orbitz.com), Orbitz Worldwide Inc., Orbitz Worldwide Development, LLC,

Orbitz Worldwide International, LLC, Orbitz Worldwide, LLC, Travelport L.P., The Blackstone Group L.P. and Cendant Corporation ("Defendants" collectively or "online travel companies" ("OTC's")).  Upon information and belief, Plaintiff alleges as follows:

## NATURE OF ACTION

1.      This is an action brought by Heather Peluso, individually, and on behalf of all other individuals situated similarly to Plaintiff (the "Plaintiff Class" collectively and sometimes referred to as "consumer(s)"), against Defendants to recover damages for and to enjoin Defendants' deceptive and misleading business practices, including *inter alia*, (i) failing to identify separately and state the taxes and fees charged by Defendants, (ii) overbilling consumers for hotel occupancy taxes and sales taxes imposed by the City and State of New York, (iii) breach of Defendants' fiduciary duties to the consumers, (iv) violations of the New York City Administrative Code and State of New York statutory provisions, (v) breach of contract and (vi) conversion.

2.      Defendants sell and/or rent hotel rooms to consumers on their Internet websites--namely Orbitz.com, Lodging.com, Cheaptickets.com, and Lowestfare.com.  As part of this business activity, Defendants enter into contracts with hotel chains and individual hotels located in New York City and throughout the State of New York to obtain the right to sell, rent and book hotel rooms purchased by and/or made available to Defendants at a negotiated discounted rate (the "Wholesale Price" or "Wholesale Rate").  Defendants mark-up the Wholesale Rate (the "Mark-up") to establish the retail room rate that the consumers will pay for the room (the "Retail Room Rate" or "Retail Price").  Defendants then sell and/or rent the rooms to consumers through their websites and call centers.

3.     In addition to the Retail Room Rate, Defendants charge consumers an amount described on their Internet room rate display page or popup as "Taxes and Fees." The charges for taxes and fees are combined or bundled on one line as one amount so that the consumer is never informed of what amount or portion of the charges is in fact "taxes" and what amount or portion is "fees."

4.     The State of New York and the City of New York generally impose taxes on the gross receipts derived from the rental of hotel rooms. However, the State of New York has exempted consumers from paying the tax (the "Tax Delta," the amount charged above the Wholesale Rate) on the Retail Room Rate when the hotel rooms are purchased through Defendants' websites or through their call centers. Instead, consumers are required to pay only the tax on the lower Wholesale Rate that Defendants pay to the hotels. Prior to September 1, 2009, the City of New York mimicked this exemption.[1]

5.     Plaintiff's causes of action are not based on whether Defendants have been or are transferring the proper amount of taxes to the local hotels for remission to the State of New York and the City of New York.[2] Rather, Plaintiff alleges that Defendants engage in wrongful, deceptive and misleading misrepresentations, statements, acts and business practices

---

[1] The tax enabling statutes with respect to taxes payable to the City of New York for the rental of hotel rooms have been modified as of September 1, 2009. Plaintiff is unaware of how or whether Defendants' business practices with regard to collection of taxes have changed since that time. All facts and allegations contained in the Complaint herein with respect to the taxes payable to the City of New York for the rental of hotel rooms are alleged under the laws in effect prior to September 1, 2009.

[2] More than fifty state and local taxing authorities around the country have commenced actions against these same Defendants (and other OTCs) to recover undercollected and unremitted accommodations taxes. *See*, *e.g.*, *City of San Antonio v. Hotel.com, et al.*, Civil No. SA-06-CA-381-OG (United States District Court, Western District of Texas); *City of Charleston, South Carolina Hotels.com, LP, et al.*, C.A. No. 2:06-cv-1646-PMD (United States District Court, District of South Carolina). This action is not brought on behalf of the City or State of New York, but on behalf of the Representative Plaintiff and the class of consumers she represents.

by (i) wrongfully charging consumers the Mark-up, the undisclosed "Facilitation Fee," and the Tax Delta, by hiding the charges and failing to specify the amount charged; (ii) wrongfully charging consumers the Mark-up and Tax Delta, despite the exemptions granted by the State of New York and City of New York, and then retaining such amounts as revenue and profits (the "Profits"), and (iii) misrepresenting and misleading consumers into believing that Defendants are traditional travel agents acting on the consumers' behalf who receive only a nominal service fee, when in fact Defendants are wholesale hotel retailers who profit from undisclosed Mark-ups and other fees.

6.      In addition, Defendants have breached their contract with and fiduciary duties owed to the consumer by representing they are offering the hotel room for the lowest price on their websites, when in fact Defendants know that the consumer could rent the room directly from the hotel or on the hotel's website at a lower price,.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d) because (i) Plaintiff and one or more Defendants are citizens of different states and (ii) the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to all of Plaintiff's claims occurred within this judicial district.

## PARTIES

9.      Plaintiff, Heather Peluso, is an individual residing in and a citizen of Ozark, Alabama, who purchased a hotel room in February 2009 to visit New York City between February 27, 2009 to March 1, 2009, through Orbitz.com.

10.     Defendant Orbitz.com, the URL or website for one or more defendants, is a Delaware limited partnership or other form of business entity with its principal place of business in Chicago, Illinois.  One or more defendants owned the website at certain points in time.  Defendant Orbitz.com has at all times relevant to this litigation conducted business in the City of New York and State of New York.

11.     Defendant Orbitz LLC (d/b/a Orbitz.com) is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Defendant Orbitz LLC has at all times relevant to this litigation conducted business in the City of New York and State of New York.

12.     Defendant Orbitz Worldwide, Inc. is a Delaware corporation or other form of business entity with its principal place of business in Chicago, Illinois.  Defendant Orbitz Worldwide, Inc. has at all times relevant to this litigation conducted business in the City of New York and State of New York.

13.     Defendant Orbitz Worldwide, LLC is a Delaware corporation or other form of business entity with its principal place of business in Chicago, Illinois.  Defendant Orbitz Worldwide, Inc. has at all times relevant to this litigation conducted business in the City of New York and State of New York.

14.     Defendant Orbitz Development, LLC is a Delaware corporation or other form of business entity with its principal place of business in Chicago, Illinois.  Defendant Orbitz Development, LLC has at all times relevant to this litigation conducted business in the City of New York and State of New York.

15.     Defendant Orbitz Worldwide International, LLC is a Delaware corporation or other form of business entity with its principal place of business in Chicago,

Illinois. Defendant Orbitz Worldwide International, LLC has at all times relevant to this litigation conducted business in the City of New York and State of New York.

16. Defendant Travelport L.P. is a Delaware limited partnership with its principal place of business in New York, New York. Defendant Travelport L.P. has at all times relevant to this litigation conducted business in the City of New York and State of New York.

17. Defendant The Blackstone Group, L.P. is a Delaware limited partnership with its principal place of business in New York, New York. Defendant The Blackstone Group has at all times relevant to this litigation conducted business in the City of New York and State of New York.

18. Defendant Cendant Corporation n/k/a Avis Budget Group, Inc. is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Defendant Cendant Corporation has at all times relevant to this litigation conducted business in the City of New York and State of New York.

19. Each Defendant currently or at some time relevant to this dispute did business as Orbitz.com.

## <u>JOINDER</u>

20. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff's right to relief (individually and as a Class) arises out of the same series of transactions or occurrences, each giving rise to questions of law and fact common to Plaintiff and all members of Plaintiff Class.

## COMMON ALLEGATIONS

### A.     Defendants' Business Models

21.     Defendants conduct their web-based hotel booking and room sale or rental business and call center, and have conducted such business for a number of years, using two basic and different business models:  (i) the "agency model" (also called the "traditional" or "postpaid" model) when only facilitating the booking of rooms for consumers; (ii) and the "merchant model" (or a hybrid or other characterization of the merchant model) when selling or renting rooms to consumers.

22.     Under the agency model, the hotel determines the retail room rate to be paid by the consumer, collects the full payment for the room from the consumer and remains the merchant of record.  Defendants act as mere agents that facilitate the booking of the consumer's reservation with the hotel.  They do not collect the room rate or taxes nor does the consumer pay any money to them.  At the conclusion of the consumer's stay at the hotel, the consumer pays the hotel, which then remits a commission to Defendants for their reservation-facilitation service.

23.     Under the merchant model, Defendants are the merchant of record.  They enter into contracts with New York hotels to purchase and/or obtain the right to sell or rent the rooms at negotiated Wholesale Rates.  Defendants then sell or rent the rooms to consumers through their websites or call centers and transmit to the hotels the necessary information so that the consumers can occupy the rooms they have purchased or rented in New York.  Under this model, Defendants have control of the rooms:  they determine the Mark-up of the Wholesale Rates, thereby setting the Retail Room Rate; they control any changes or cancellations in the reservation as well as any refunds requested by the consumer and they collect the payment for the room directly from the consumer.  The consumer pays the Retail Room Rate, as well as all

taxes and Defendants' fees by credit or debit card. The transaction is completed when the consumers check out of the hotels in New York. At that point, Defendants remit to the New York hotels the taxes collected on the Wholesale Rate and wrongfully retain the Tax Delta.

24.     The vast majority of Defendants' web-based transactions use the merchant model.

25.     Plaintiff attaches an invoice, annexed hereto as Exhibit A, she received when purchasing a room from Defendants to illustrate Defendants' misconduct and incorporates the same herein by reference. At the time of the sale, the consumer is provided a three-line room rate display showing (1) the Retail Room Rate, (2) the bundled taxes and service fees and (3) the total room price, cost and charges for the stay. The consumer is not informed in either the rate display or in the Agreement (as defined below in paragraphs 27-28) (i) that a portion of the Retail Room Rate represents a so-called "Facilitation Fee;" (ii) that the portion of the Retail Room Rate in excess of the Wholesale Rate actually represents Defendants' Mark-up of the Wholesale Rate or Profits; (iii) how much of the Retail Room Rate is Defendants' Mark-up of the Wholesale Rate or the so-called "Facilitation Fee;" (iv) how much state or local tax or total amount of taxes are being charged to the consumer; (v) whether the consumer is paying tax on the Wholesale Rate, a portion of the Retail Room Rate or the entire Retail Room Rate; (vi) whether Defendants charge a service fee separate and apart from the taxes charged to the consumer and (vii) that the so-called "estimated" taxes are not estimates at all, but are amounts fixed by statute and are required to be charged and remitted based upon the Wholesale Rate Defendants have contracted to pay prior to the online transaction with the consumer.

26.     The manner in which Defendants conduct business (including the calculation, charge for, collection and remittance or retention of taxes and fees) does not change

from city to city, and has not changed in any material way since they began using the merchant model. What has changed is how Defendants characterize their activities and conduct under the merchant model. These changes include (i) Defendants now refer to "selling" hotel rooms, as "facilitating" booking and reservation transactions; (ii) reference to "taxes" are now "estimated tax recovery charges;" (iii) Defendants now state that they "are not vendors or co-vendors" in Defendants' representation to the consumer.

### B. Defendants' Contract with Consumers

27.     As a condition to purchase or rent a hotel room (as described above in paragraphs 22-23), consumers are required to agree to the "Terms and Conditions" in an "Agreement." The Agreement purports to state the rights and responsibilities of both Defendants and the consumer. However, the Agreement fails to disclose that Defendants mark up the Wholesale Rate of the room and sell the room to the consumer at a higher retail price. The Agreement provides, in relevant part:

> Orbitz may charge a fee for the service it provides when you purchase, book or reserve travel services, or accommodations through the Site. Any such service fee is non-refundable. In addition, you will be responsible for all charges, fees, duties, taxes, and assessment arising out of your use of the Products and Services available from the Site. ("Agreement," Terms and Conditions).

> Amounts displayed in the "Taxes and Fees" line for prepaid hotel transactions include an estimated amount we expect the hotel to bill for applicable taxes, governmental fees, and other  charges that the hotels must pay to the government. In addition, the  'Taxes and Fees' line includes a fee we charge and retain in exchange for the services we provide in facilitating your transaction with the hotel supplier. (Website).

28.  Further, the Agreement specifically states that Defendants do not act as co-vendors with the supplier [the hotel] with whom Defendants book or reserve rooms. When using

the merchant business model, Defendants are acting as vendors and/or co-vendors with the hotels.

### C.     The Hotel Occupancy And Sales Taxes

29.     Pursuant to § 11-2502 of the New York City Administrative Code and § 12-02 of the Rules of the City of New York, a tax is imposed on a daily basis for the occupancy of any hotel room in the City of New York (the "Hotel Occupancy Tax"). The amount of the tax is determined by the use of a formula prescribed by statute.

30.     The formula used for the imposition of the Hotel Occupancy Tax is as follows: $0.50 per day for any room rented at a rate of $10.00 or more, but less than $20.00 per day; $1.00 per day for any room rented at a rate of $20.00 or more, but less than $30.00 per day; $1.50 per day for any room rented at a rate of $30.00 or more, but less than $40.00 per day; or $2.00 per day for any room rented at a rate of $40.00 or more per day. In addition, the statutes impose an additional tax of 5% of the rent per day for each room rented.

31.     To illustrate the scope of the revenue raised under this tax scheme, upon information and belief, during the period of 2003 through 2006, the City of New York collected over $975 million from the Hotel Occupancy Tax.

32.     In addition, the Hotel Occupancy Tax requires that "the tax to be collected shall be stated and charged separately from the rent and shown separately on any record thereof, at the time when the occupancy is arranged or contracted for and charged for and upon every evidence of occupancy or any bill or statement or charge made for said occupancy issued or delivered by the operator." N.Y. City Admin. Code § 11-2502(f); R.C.N.Y. § 12-08(a).[3]

---

[3] *See* fn. 1.

33. In addition to the Hotel Occupancy Tax, Defendants charge and collect a sales tax imposed by the State of New York upon the rent for every occupancy of a room or rooms in a hotel within the State of New York at a rate of 5.375 percent (the "State Sales Tax"). The State Sales Tax is imposed pursuant to New York State Tax Law § 1105, *et. seq*.

34. Like the Hotel Occupancy tax, the State Sales Tax must be itemized on the invoice pursuant to New York State Tax Law § 1132(a)(1).

35. A sales tax is also imposed by the City of New York, pursuant to § 11-2002 of the New York City Administrative Code (the "City Sales Tax"). The City Sales Tax is a charge of three (3) percent upon "the rent for every occupancy of a room or rooms in a hotel in the city of New York" and, pursuant to § 11-2502(f) of the New York City Administrative Code, must be separately itemized.

36. Under the applicable tax enabling statutes (*i.e.*, the New York City Administrative Code, the Rules of the City of New York and the New York State Tax Law), the Hotel Occupancy Tax and the City and State Sales Taxes (the "Taxes," collectively), should only be applied to the initial transaction between the OTC and the hotel and should be calculated based on the Wholesale Price negotiated between the two. To the extent the Taxes are passed on to the consumer, the consumer should only be obligated to pay the Taxes actually imposed by the various taxing authorities on the Wholesale Rate and not on the higher Retail Room Rate or on any amount in excess of the Wholesale Rate.

### D. Defendants' Tax Overcharges

37. Defendants overcharge the consumer for the Taxes.

38. At the time of the sale and rental of the hotel room to the consumer, Defendants charge the consumer Taxes calculated on the Retail Room Rate. When the consumer

11

checks out of the room, Defendants pay the hotel the Wholesale Rate of the room and the applicable Taxes based on the Wholesale Rate. The difference between the amount collected and the amount remitted (*i.e.* Tax Delta) does not constitute taxes which are required to be collected by the taxing authority and is retained by Defendants as additional profit. There is no statutory basis for Defendants to charge or retain the Tax Delta.

39. By hiding the amount of the Mark-up within the Retail Room Rate, Defendants deceive the consumer into believing the entire Retail Room Rate displayed on Defendants' website is taxable. This implies to the consumer that the taxable amount is outside of Defendants' control and, because it is a tax, it is being passed on to the hotel which will then remit the Taxes to the taxing authority. Neither, in fact, is true.

40. The Defendants' so-called "tax recovery charge" which is charged to and collected from consumers by Defendants is based on the amount of Taxes calculated and charged by Defendants in excess of the Wholesale Rate (The Tax Delta) rather than the amount of taxes actually calculated on the Wholesale Rate. This excess amount includes the Taxes on all or a portion of the Defendants' Mark-up or "Facilitation Fee." There is no statutory basis for Defendants to impose a tax on the Mark-up or so-called "Facilitation Fee."

### E. Defendants' Deceptions

41. In the course of their business transactions with the consumers, Defendants engage in numerous deceptive and misleading misrepresentations, omissions and concealments, statements, acts and business practices, including *inter alia*:

41.1. Deliberately designing and crafting the Agreement so as to confuse, mislead and deceive consumers purchasing hotels rooms online;

41.2.    Misrepresenting and misleading consumers into believing that Defendants are traditional travel agents (rather than vendors, co-vendors or merchants) who act in the consumers' best interests and receive only a nominal fee for those services by stating they are not the providers of the room that the consumer books or rents, and that they do not collect taxes, but instead collect a tax recovery charge or "estimated" taxes or tax recovery charge;[4]

41.3.    Concealing and omitting necessary information leading consumers to believe that the service fee in the "Taxes and Fees" line on the room rate display and in the Agreement is the only fee consumers are being charged;

41.4.    Bundling or lumping together the Wholesale Rate of the room with the so-called "Facilitation Fee," representing the Mark-Up of the Wholesale Rate without disclosing the existence of the Wholesale Rate or how the facilitation fee is calculated (*i.e.* the nature, components or amount of the Facilitation Fee) and without itemizing the amount of such fee in the pricing information or rate display on the Defendants' websites, the Agreement or in the confirmation and receipt provided to online consumers;

41.5.    Charging consumers a "fee on fee" by imposing a service fee, a portion of which includes a fee on the Facilitation Fee and then bundling this service fee together with the charge for taxes without separately disclosing the specific amount of the "service fee" charged and without disclosing how the fee is calculated, the nature, components or amount of the service fee in the pricing information or rate display on the Defendants' websites, the Agreement or in the confirmation and receipt provided to online consumers;

---

[4] These misrepresentations appear on Defendants' websites' rate display page or popup, the Agreement, advertising on the Internet and on television, press releases, statements of their trade organization, Interactive Travel Service Association, and agent, statements of their lobbyists and other spokespersons and the pleadings and briefs filed by them in numerous courts throughout the country in hotel accommodations litigation brought by governmental entities and taxing authorities.

41.6.    Misleading and deceiving consumers through their advertising and statements on their websites that consumers will pay the lowest price for the hotel room when booking and/or purchasing a room from Defendants.  Instead, Defendants know but fail to disclose to consumers that, generally, the same room on the same night can be purchased directly from the hotel or the hotel's website at a lower total price, causing the consumer to pay more – not less–by using Defendants' website;

41.7.    Bundling taxes and fees, thereby deceiving the consumers into believing that they are paying tax on the Retail Room Rate without disclosing (i) the existence or amount of the Wholesale Rate, (ii) the tax amount calculated on the Wholesale Rate or (iii) that Defendants can only collect tax on the Wholesale Rate of the room under applicable laws and without furnishing the consumer with a receipt showing the separate itemized amounts charged as or representing each tax collected as specifically required by State and City laws;

41.8.    Overcharging online consumers for the Hotel Occupancy Tax, the City Sales Tax and the State Sales Tax on amounts in excess of the Wholesale Rate, but only remitting to the taxing authority the respective taxes at the Wholesale Rate, and failing to disclose to consumers that Defendants retain and/or do not remit the Tax Delta to the State of New York and City of New York;

42.    Having represented that they are acting as agents, Defendants have assumed the fiduciary duties, responsibilities and obligations of agents and are estopped from denying the applicability of all these fiduciary duties, responsibilities and obligations of agents. Defendants have violated these fiduciary duties, responsibilities, and obligations by acting and engaging in the deceptive and misleading business practices, misrepresentations, acts, omissions,

and concealments enumerated and described in paragraphs 3, 5-6, 25, 27-28, 37-42 hereinabove, and described elsewhere in this Complaint.

## PLAINTIFF'S CLASS ALLEGATIONS

43.     Plaintiff requests that the Court certify this case as a class action.  Plaintiff seeks to certify a single class consisting of all individuals who have purchased hotel rooms in New York City and/or in the State of New York from Defendants and/or through Orbitz.com.

44.     Plaintiff brings this action pursuant to FRCP 23 and meets the prerequisites for a class action articulated in FRCP 23(a):

44.1.   The class is so numerous that joinder of all members is impracticable.  From 2003 through 2006, 164.1 million tourists visited the City of New York.  The tourism industry has continued to show steady growth from 2001 to the present.  Furthermore, this figure does not include those who stayed in hotels in the City of New York for purposes other than tourism.  In total, as of February 29, 2008, there were more than 73,333 hotel rooms available in the City of New York;[5]

44.2.   There are questions of law and fact common to the Plaintiff Class, including, but not limited to:

(i)     Each consumer who visited the City and State of New York and stayed in a hotel purchased through Defendants was subject to the same deceptive billing scheme and other deceptive acts, practices, statements, concealments, and omissions as described in paragraphs 3, 5-6, 25, 27-28, 37-42;

(ii)    Defendants have a contractual, statutory, fiduciary, or other legal duty to limit the amount of Taxes collected from the consumer to the amount required by ordinance, rule, or statute, and whether the consumer was deceived, misled, harmed, damaged and/or legally wronged by Defendants' overcharging for Taxes;

---

[3] This figure was taken from nycvisit.com, a website devoted to encouraging tourism in the City of New York.  Notably, nycvisit.com includes a link to Orbitz.com.

15

(iii)    Defendants have a legal duty specifically to state, as part of their billing practices, the amount of the total billed that is allocated to the payment of each individual Tax;

(iv)    The consumer was misled to believe the price offered by Defendants was the lowest price for the hotel room purchased when, in the vast majority of cases, when including the Defendants' fees and Mark-Up, the consumers are charged more by Defendants than if the room was booked directly from the hotel or the hotel's website;

(v)    Each deceptive act as described in paragraphs 3, 5-6, 25, 27-28, 37-42 is a violation of New York General Business Law § 349 (the Consumer Protection from Deceptive Acts and Practices statute);

(vi)    The Plaintiff Class is entitled to injunctive and declaratory relief enjoining Defendants from continuing these deceptive practices and acts;

(vii)    Defendants have converted and continue to convert the consumers' money;

(viii)    To what extent Defendants are acting as, or in fact are, a merchant rather than travel agent and what duty Defendants owe to the consumer regarding the disclosure of the nature of their relationship;

(ix)    Defendants breached the Agreement by charging and collecting Taxes in excess of the amounts required by the New York taxing authorities; and

(x)    In what amount, the members of the Plaintiff Class are entitled to recover damages, court costs, attorneys' fees, penalties and interest, and the cost of an audit.

44.3.    The claim of Plaintiff is typical of the claims of the Plaintiff Class as a whole. Ms. Peluso was a visitor to New York in February 2009. She purchased her hotel room from and through Defendants on the Orbitz.com website. Plaintiff, like the other members of the Plaintiff Class, has been subjected to and harmed by Defendants' improper business practices. Plaintiff and the members of the Plaintiff Class were and are similarly or identically

harmed by the same unlawful, unfair, systematic and pervasive pattern of misconduct, violations of New York law, deceptive practices and breaches of contract and fiduciary duty, and conversion of the Plaintiff's and the Plaintiff Class members' money; and

44.4.   Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class.  There are no material conflicts between the claims of Plaintiff and the members of the Plaintiff Class that would make class certification inappropriate.

45.   The counsel selected to represent the Plaintiff Class will fairly and adequately protect the interests of the Plaintiff Class.  Class counsel are experienced trial attorneys who have experience in complex litigation, are competent counsel for this class action litigation and will vigorously assert the claims of all Class members.

46.   The Plaintiff Class is maintainable pursuant to FRCP 23(b)(1).  The prosecution of separate actions by each individual member of the class would create a risk of inconsistent or varying adjudications, which would result in incompatible standards of conduct for the party opposing the class.  Likewise, as all of the members of the Plaintiff Class share a common theory of liability, the adjudication of any one litigation would as a practical matter be dispositive of the interests of all other such claims and would substantially impair or impede the individual class member's ability to protect his or her interests.

47.   The Plaintiff Class is also maintainable pursuant to FRCP 23(b)(2). Defendants, by engaging in the enumerated deceptive business practices, have acted on grounds generally applicable to the entire Plaintiff Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

48.   Alternatively, the Plaintiff Class is maintainable pursuant to FRCP 23(b)(3).  This action is properly maintained as a class action in that common questions of law

and fact exist as to the members of the Plaintiff Class (as identified in paragraph 44 and its subparagraphs) and predominate over any questions affecting only individual members, and a class action is superior to other available methods of the fair and efficient adjudication of the controversy. A class action is superior in this instance as it permits the thousands of visitors to the City and State of New York who have purchased hotel space through Defendants to protect their rights and interests. If class members were to proceed individually, it would be impossible to protect their rights and interests because the cost of proceeding would in all cases exceed any expected recovery. As there are no other pending actions asserting these claims against Defendants, this is the best (and only) means to preserve and enforce the rights of the members of the Plaintiff Class.

49. The Representative Plaintiff contemplates the eventual issuance to the proposed class members of notice setting forth the subject and nature of the instant action.

## FIRST CAUSE OF ACTION
### (Deceptive Business Practices)

50. Plaintiff realleges and incorporates each of the above allegations as set forth in paragraphs 1-49 by reference as if set forth herein at length.

51. New York State General Business Law § 349 makes it illegal to engage in deceptive business practices.

52. Defendants have engaged in numerous deceptive and materially misleading acts within the meaning of General Business Law § 349, including but not limited to the specific deceptions listed in paragraphs 3, 5-6, 25, 27-28, 37-42 which are incorporated herein.

53. Defendants' deceptive and materially misleading practices are willful and knowing.

54.     Plaintiff and the members of the Plaintiff Class have been injured by Defendants' deceptive and materially misleading business practices for each day a room was rented in the City of New York by consumers from Defendants and/or on or through Defendants' websites.

55.     Plaintiff and the members of the Plaintiff Class are entitled to recover actual damages or fifty dollars ($50.00), whichever is greater, from Defendants for each and every deceptive and materially misleading act.

56.     Insofar as it is determined that Defendants acted willfully and knowingly, Plaintiff and the members of the Plaintiff Class are entitled to recover treble the actual damages incurred up to one thousand dollars ($1,000.00) from Defendants for each and every willful and knowing deceptive and materially misleading act.

57.     To the extent any of the members of the Plaintiff Class are elderly, as defined by General Business Law § 349, she or he is entitled to recover additional civil penalties in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION
### (Declaratory and Injunctive Relief Requested
### Pursuant to New York General Business Law § 349)

58.     Plaintiff realleges and incorporates each of the above allegations in paragraphs 1-57 by reference as if set forth herein at length.

59.     Pursuant to General Business Law § 349, Plaintiff is entitled to an order enjoining Defendants from continuing the practice of billing the consumer for the Taxes based on amounts Defendants have charged in excess of the Wholesale Rate instead of charging taxes only on the Wholesale Rate Defendants remit and pay to the hotels for the rooms.

60.     Pursuant to General Business Law § 349, Plaintiff is entitled to an order enjoining Defendants from continuing the practice of bundling the "Facilitation Fee" with the Wholesale Rate without disclosing the existence, description, nature or amount of the "Facilitation Fee" and compelling Defendants to list separately, describe and itemize the so-called "Facilitation Fee."

61.     Pursuant to General Business Law § 349, Plaintiff is entitled to an order enjoining Defendants from continuing the practice of listing the Taxes, the "Tax Recovery Charges," or the "estimated" Taxes or Tax Recovery Charges, on their website display to the consumer as part of the generic "Taxes and Fees" and compelling Defendant to state separately, itemize and describe the amounts of each of the taxes, tax recovery charges, estimated tax or tax recovery charges, and fees that are billed, charged, collected and remitted by Defendants.

### THIRD CAUSE OF ACTION
**(Declaratory and Injunctive Relief Requested
Pursuant to 28 U.S.C. § 2201, *et. seq.*)**

62.     Plaintiff realleges and incorporates each of the above allegations as set forth in paragraphs 1-61 by reference as if set forth herein at length.

63.     Pursuant to 28 U.S.C. § 2201, et. seq., Plaintiff and the Plaintiff Class seek a declaration of rights and/or duties with respect to Defendants.  An actual case or controversy exists between Plaintiff and the Plaintiff Class and Defendants as to the deceptive practices set forth in paragraphs 3, 5-6, 25, 27-28, 37-42:

63.1.    Each consumer who visited the City of New York and stayed in a hotel room booked, purchased, or rented from or through Defendants was subject to the same deceptive billing scheme and other deceptive acts and business practices as described in paragraphs 34-39 and 50 and the subparts of each such paragraph;

63.2.     Defendants have a legal duty to limit the amount of Taxes collected from the consumer to the Wholesale Rate and whether the consumer was deceived, misled, harmed, damaged and/or legally wronged by Defendants' overcharging for Taxes;

63.3.     Defendants have a legal duty to state specifically and separately, as part of their billing practices, the amount of the total billed that is allocated to the payment of each individual Tax;

63.4.     Defendants have a legal duty to state specifically, as part of their billing practices, the amount of the total billed which is allocated to the payment of each individual fee;

63.5     Defendants have a legal duty to inform and disclose to the consumer that the Retail Room Rate includes a "Facilitation Fee" that is not included in the bundled "Taxes and Fees" line displayed on the room rate display page or popup on Defendants' websites;

63.6.     Defendants have a legal duty to inform and disclose to the consumer that Defendants are charging the consumer a service fee calculated by using an amount which includes another undisclosed "Facilitation Fee"; *i.e.*, which includes a fee calculated on another fee;

63.7.     The consumer was deceived and/or misled by Defendants into believing that the charge, cost, or the price offered by Defendants was the lowest price, cost and/or charge for the hotel room purchased when in fact under the Merchant Model used by Defendants the consumers are generally charged more for the room by Defendants than if the same room was booked, rented or purchased directly from the hotel or its website for the same night;

63.8.    The Plaintiff Class is entitled to injunctive and declaratory relief enjoining Defendants from continuing the deceptive business practices and acts described herein;

63.9.    Defendants have and continue to convert the consumers' money;

63.10.  To what extent Defendants are purporting to act as travel agents and what duties Defendants owe to the consumer regarding the disclosure of the description of the specific taxes and the amount of all taxes charged to the consumer, and/or the description, type and amount of all fees, revenues and profits charged and collected by Defendants from the consumer transaction and all other aspects of the transaction;

63.11.  Defendants breached the agreement entered into with each consumer by collecting Taxes in excess of the amounts required by the taxing authorities; and

63.12.  In what amount, the members of the Plaintiff Class are entitled to recover damages, court costs, attorneys' fees, penalties and interest, and the cost of an audit.

## FOURTH CAUSE OF ACTION
### (Conversion)

64.    Plaintiff realleges and incorporates each of the above allegations set forth in paragraphs 1-63 by reference as if set forth herein at length.

65.    At all times mentioned herein, the monies wrongfully taken from Plaintiff and the Plaintiff Class, which can be ascertained by discovery, were in the possession of Defendants who wrongfully exercised dominion and control over said monies, thereby depriving each Plaintiff of the use and benefit thereof.

66.     At all times mentioned herein, Plaintiff and the Plaintiff Class have been entitled to and have had the right to the immediate possession of personal property; namely, the Tax Delta (the difference between the amount of Taxes paid by Defendant to the hotel and the amount of Taxes Defendants collected from Plaintiff and the Plaintiff Class), the "Facilitation

Fee," and the fee on a fee for each night a room was rented in New York from Defendants and Plaintiff and Plaintiff Class demand that their money be returned.

67.     As a direct and proximate result of Defendants' conduct, Plaintiff and all of the Plaintiff Class have suffered, and will continue to suffer, injury including damages in an amount to be determined according to proof at the time of trial, together with interest from the time of the conversion.

68.     Plaintiff and the Plaintiff Class are also entitled to special damages, including compensation for time lost and money spent in pursuit of the converted funds, in an amount to be determined at the time of trial.

69.     Plaintiff and the Plaintiff Class are also entitled to punitive damages in an amount to be determined at the time of trial because the manner in which Defendants converted Plaintiffs' money was gross, willful, wanton, malicious and deliberate conduct, demonstrated a high degree of moral culpability, and was directed to the public generally.

## FIFTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

70.     Plaintiff realleges and incorporates each of the above allegations set forth in paragraphs 1-69 by reference as if set forth herein at length.

71.     Defendants breached their fiduciary duties, responsibilities and obligations and placed their own pecuniary interests above that of the consumer by engaging in deceptive and misleading business practices, acts, omissions, misrepresentations, and concealments described in paragraphs 3, 5-6, 25, 27-28, 37-42 herein.

72.     Defendants' breach of their fiduciary duties, responsibilities and obligations was a substantial factor in causing the Plaintiff Class' injury.  Had Plaintiff been made aware that: (i) additional fees were being charged other than those fees revealed to

Plaintiff; (ii) fees were being calculated on other undisclosed fees; (iii) taxes were being charged that were not remitted to taxing authorities; and/or (iv) purchasing, renting or booking a hotel room through Defendants was actually more costly and expensive than if done directly with the hotel or through the hotel's website, Plaintiff would not have used Defendants' services or website to book, reserve, purchase, and rent a hotel room.

73.     As a direct and proximate result of Defendants' breaches of fiduciary duties, responsibilities, and obligations, Plaintiff and Plaintiff Class have suffered, and will continue to suffer, injury including damages in an amount to be determined according to proof at the time of trial.

74.     Defendants also should be required to disgorge any profits earned as a result of these breaches of their fiduciary duties, responsibilities and obligations.

75.     Defendants' breaches of their fiduciary duties, responsibilities, and obligations were intentional, deliberate, fraudulent, willful, wanton and directed to the public generally.  As such, the Plaintiff Class is entitled to an award of punitive damages to be paid by Defendants.

### SIXTH CAUSE OF ACTION
**(Breach of Contract)**

76.     Plaintiff realleges and incorporates each of the above allegations set forth in paragraphs 1-75 by reference as if set forth herein at length.

77.     Defendants require every consumer purchasing, renting and booking a room through their websites to agree to a certain room rate, "taxes and fees" and the Agreement that sets forth the Terms and Conditions as part of the purchase and rental of the room.  In compliance with the requirements of the Agreement, as well as with Defendants' policies and practices, each member of the Plaintiff Class entered into the Agreement.

78.     Each member of the Plaintiff Class performed his or her obligations under the Agreement.  The Agreement requires, among other things, the consumer to agree to permit Defendants to charge the consumer's credit or debit card for the total sales or rental price (including the specified and described Retail Room Rate, plus "taxes and fees"), a requirement with which each member of the Plaintiff Class complied.

79.     Defendants breached the Agreement By engaging in the aforementioned practices as set forth in paragraphs 3, 5-6, 25, 27-28, 37-42, including *inter alia*,

79.1     Acting as agents when the Agreement states they "do not act as co-vendors;" and

79.2     Marking up the Wholesale Rate of the room and selling the room at a higher price when the Agreement merely states that "Taxes and Fees...include an estimate amount...for applicable taxes, government fees and other charges...and a fee [Defendants] charge...in exchange for...services..."

80.     By engaging in the aforementioned deceptive practices and also those as set forth in paragraphs 3, 5-6, 25, 27-28, 37-42 herein, Defendants also breached the implied covenant of good faith and fair dealing.  Defendants have acted in a manner that deprives the Representative Plaintiff and the Plaintiff Class of the right to receive the benefits under the Agreement.  Having charged and retained the over-payment of the Taxes and the undisclosed "Facilitation Fee," Defendants have acted in bad faith and have withheld the benefit Defendants represent to induce Plaintiff and the Plaintiff Class to use their services – namely, a lower price, charge and/or cost of a hotel room.

81. The Plaintiff Class has been damaged by Defendants' pervasive breach of the contract entered into with each individual plaintiff in an amount to be determined at the time of trial.

82. The Plaintiff Class is entitled to an award of punitive damages because Defendants' breach of contract is actionable independent of the breach itself, is egregious in nature, directly damaged the Plaintiff Class, and is directed to the public generally. The amount of the punitive damages to which the Plaintiff Class is entitled should be determined at the time of trial

**SEVENTH CAUSE OF ACTION**
**(Unjust Enrichment)**

83. Plaintiff realleges and incorporates each of the above allegations set forth in paragraphs 1-82 by reference as if set forth herein at length.

84. At all times herein mentioned, Defendants have charged, received, and collected taxes from consumers rightfully belonging to and due and owing to Plaintiff and the Plaintiff Class. However, Defendants have wrongfully and fraudulently retained taxes and fees, thereby unjustly enriching Defendants and wrongfully charging Plaintiff and the Plaintiff Class.

85. Defendants have been unjustly enriched by the wrongful retention of taxes and fees.

86. As a direct and proximate result of Defendants' conduct, Plaintiff and the Plaintiff Class have suffered and will continue to suffer damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Plaintiff Class respectfully request that the Court enter judgment for Plaintiff:

(a)     Certifying the class described herein, and naming Plaintiff as its class representative, and its counsel as class counsel;

(b)     Against Defendants, individually, jointly and severally, or collectively, and in favor of Plaintiff on each cause of action asserted in this Complaint;

(c)     For statutory damages for Defendants' violation of New York State General Business Law § 349 in the amount of the actual damages suffered by each member of Plaintiff Class or fifty dollars ($50.00) for each deceptive act, whichever is greater, with the total aggregate amount of such damages being in excess of $5,000,000.00, exclusive of interest and costs;

(d)     For statutory damages for Defendants' willful or knowing violation of New York State General Business Law § 349 in the amount of treble the actual damages incurred up to one thousand dollars ($1,000.00) for each deceptive act, with the total aggregate amount of such damages being in excess of $5,000,000.00, exclusive of interests and costs;

(e)     A declaration and determination by the Court that Defendants overcharged the consumer for the Hotel Occupancy Tax, State Sales Tax and City Sales Tax by billing and charging the Taxes on amounts in excess of the Wholesale Rate while paying the Taxes on the Wholesale Rate and retaining the difference, and Plaintiff requests an Order from the Court enjoining Defendant from continuing this practice;

(f)     A declaration and determination by the Court that Defendants cannot generalize, misrepresent or mischaracterize the "Taxes and Fees" billed, charged to, and

27

collected from the consumer as has been the practice, but must disclose, describe, state separately, and itemize each Fee (including the so-called "Facilitation Fee") and each Tax, and Plaintiff requests an Order from the Court enjoining Defendants from continuing their practices involving failure to disclose, describe, state separately, and itemize the taxes and fees they bill, charge to, and collect from consumers;

(g) A declaration and determination by the Court that Defendants have misrepresented and misled Plaintiff and consumers into believing that Defendants are traditional travel agents acting on the consumers' behalf with the consumers' best interests in mind, and who receive only a fee from the consumer for those services, and Plaintiff requests an Order from the Court enjoining Defendant from continuing this practice;

(h) A declaration and determination by the Court that Defendants misled Plaintiff and consumers into believing that, by purchasing, renting, or booking a hotel room from or through Defendants, the Plaintiff and consumer received the lowest price, cost and/or charge for the hotel room, when the same room is generally available at a lower total price, cost, and charge if purchased directly from the hotel or on or through the hotel's website, and Plaintiff requests an Order from the Court enjoining Defendants from continuing this practice;

(i) For restitution and disgorgement of all of Plaintiffs' monies improperly converted by Defendants;

(j) For damages for Defendants' breaches of their fiduciary duties, responsibilities, and obligations, including the disgorgement of all profits;

(k) For damages for Defendants' breaches of each contract entered into with each individual member of the Plaintiff Class;

(l) For punitive damages;

(m)     For costs of suit incurred herein;

(n)     For pre-judgment interest to the extent allowed by law;

(o)     For reasonable and necessary attorneys' fees; and

(p)     For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests, on behalf of herself and the Plaintiff Class, that a jury decide all factual issues in this case.


Dated: Chicago, Illinois
      July 19, 2011

EDWARD A. BERMAN, PC


By:        __/s/_Edward A. Berman_____
              Edward A. Berman

              55 West Monroe Street, Suite 1700
              Chicago, IL  60603-5026
              (312) 236-2020
              eabpc@hotmail.com

              *Attorneys for Plaintiff*